NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARGAT SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1708 <br><br> Agency No. <br> A205-587-125 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2024
San Francisco, California

Before: TASHIMA, CALLAHAN, and KOH, Circuit Judges.
Partial Dissent by Judge KOH.

Pargat Singh, a native and citizen of India, petitions for review of an order

by the Board of Immigration Appeals ("BIA") dismissing his appeal of an order by

an immigration judge denying his applications for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  Because the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "[W]e must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

**1.** The BIA assumed without deciding that Singh had established past persecution—affording him a presumption of future persecution—but found that the Department of Homeland Security had rebutted this presumption by showing that Singh could safely and reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(1); *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (DHS may rebut presumption of well-founded fear of persecution by showing preponderant evidence that, inter alia, he can safely and reasonably internally relocate). "Relocation analysis consists of two steps: (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so." *Singh*, 914 F.3d at 659 (internal citation and quotation marks omitted).

Substantial evidence supports the BIA's conclusion that Singh can safely relocate from the Punjab to Delhi. The record confirms that Singh is a low-level supporter of the Mann Party, who—though targeted locally in the Punjab—would not be pursued nationwide and would not be of interest to opposition groups or the

authorities in Delhi. Nothing in the record compels the opposite conclusion. *See*

*Duran-Rodriguez*, 918 F.3d at 1028. Substantial evidence also supports the BIA's

conclusion that it would be reasonable for Singh to internally relocate, in light of

his relatively young age, relatively high education, and considerable professional

and language-learning skills demonstrated while in the United States. *See* 8 C.F.R.

§ 1208.13(b)(3); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (courts

determine reasonableness of internal relocation by considering applicant's age,

health, education, and economic status).

**2.** The same future persecution presumption and rebuttal framework also

applies for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1). Thus,

substantial evidence likewise supports the BIA's determination that Singh did not

satisfy the higher "clear probability" standard for withholding of removal. *Zehatye*

*v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**3.** Finally, substantial evidence supports the agency's conclusion that Singh

failed to establish that he is more likely than not to face torture upon return to

India. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) ("To receive

CAT protection, a petitioner must prove that it is 'more likely than not' that he or

she would be tortured if removed." (quoting 8 C.F.R. § 1208.16(c)(2))). The two

prior attacks Singh described do not rise to the level of torture. *Hernandez v.*

*Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("Demonstrating torture requires a

much greater showing of harm than demonstrating persecution, itself 'an extreme concept.'" (quoting *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021))).  Nor has Singh offered evidence that upon relocation, he is likely to be tortured by the government or with its acquiescence.  *See* 8 C.F.R. § 1208.16(c)(3) (requiring consideration of factors including reasonableness of relocation, occurrences of past torture, and relevant country conditions).

Accordingly, the petition for review is **DENIED**.

*P. Singh v. Garland*, No. 23-1708

L. KOH, Circuit Judge, dissenting in part:

I agree with the majority that substantial evidence supports the BIA's finding that petitioner is not entitled to CAT relief. However, I disagree that the BIA's denial of asylum and withholding of removal is supported by substantial evidence.

Because the BIA assumed petitioner had been subjected to past persecution, a "nationwide presumption" arose that petitioner has a well-founded fear of persecution. *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019); *see* 8 C.F.R. § 1208.13(b)(1) (codifying this presumption). To rebut this presumption, the government bore the burden of demonstrating that conditions in the country have changed or that petitioner can safely and reasonably relocate to another part of India. *See* 8 C.F.R. § 1208.13(b)(1)(ii) (placing burden of proof to rebut presumption on government).

The BIA relied on three grounds to conclude that the government had overcome this presumption, none of which are sufficient, either collectively or independently, to demonstrate petitioner could safely relocate to Delhi. *First*, the fact petitioner's host family in Delhi was not harassed offers no support because there is no evidence the host family were members of the Mann Party. Although the family were Sikh, the IJ expressly found that it was "political membership [in the Mann Party] that was the source and sole source of any of the incidences

1

involved in this case." *Second*, the fact petitioner lived safely in Delhi for a period provides no support because petitioner testified he was in hiding for that entire time. *See Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020) ("[W]e do not believe that an applicant can be said to have the ability to 'relocate' within her home country if she would have to remain in hiding there."). *Third*, the fact petitioner is a lower-level supporter of the Mann Party alone is insufficient to satisfy the government's burden of proving petitioner could safely relocate. *See Singh v. Garland*, 97 F.4th 597, 608 (9th Cir. 2024) ("For the government to rebut the presumption of future persecution, it is not enough to show that Punjabi police or other actors are unlikely to follow Singh outside of Punjab because he is a low-level Mann party member and not a 'high-profile militant.'" (quoting *Whitaker*, 914 F.3d at 661)). Contrary to the majority's contention, the government put forward literally no evidence that suggests Delhi is any safer than Punjab. The BIA's finding that this was nonetheless sufficient flips the "nationwide presumption" of future persecution on its head by, in effect, requiring *petitioner* to show a similar threat of harm exists in the relocation city. *Whitaker*, 914 F.3d at 661. Because the record was devoid of substantial evidence, or indeed any evidence, from which the BIA could reasonably have concluded the government rebutted the nationwide presumption of future persecution, I respectfully dissent.

2